IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHAN B. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-09-148-HE |
| | ) | |
| BERT RICHARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. §1983 on February 6, 2009, in the Western District of Oklahoma. The matter was referred to the undersigned Magistrate Judge by United States District Judge DeGiusti on February 6, 2009, for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The case has since been reassigned to United States District Judge Heaton. For the reasons set forth herein, it is recommended that the cause of action be dismissed without prejudice due to Plaintiff's failure to pay the initial partial filing fee.

With his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* in conformance with 28 U.S.C. §1915(a), as amended. After review of Plaintiff's motion on February 9, 2009, the undersigned granted Plaintiff's motion to proceed without full prepayment of the filing fee and directed Plaintiff to pay an initial partial filing fee of $8.90

by March 2, 2009, in accordance with 28 U.S.C. §1915(b)(1). Plaintiff was advised that he would be required to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until the full $350 filing fee was paid. He was also advised that failure to either (1) pay the initial partial filing fee, or (2) show cause in writing for his failure to do so could result in dismissal of this action without prejudice to refiling. As of this date, the Court's records show that Plaintiff has failed to either pay the initial partial filing fee, show cause in writing for his failure to do so, or request a further extension of time within which to pay the required initial partial filing fee. Because of Plaintiff's failure to pay the required initial partial filing fee and the expiration of the time given Plaintiff to make such payment, the action is subject to dismissal without prejudice to refiling. LCvR 3.4(a); Lucky v. Hargett, No. 97-6161, 1997 WL 603780 (10th Cir. Oct. 1, 1997) (unpublished op.) (upholding dismissal without prejudice of Section 1983 action based on litigant's failure to pay initial filing fee); Amen v. United States, No. 96-5146, 1997 WL 158163 (10th Cir. Apr. 1, 1997) (unpublished op.) (recognizing district court should have dismissed complaint without prejudice when plaintiff failed to pay filing fee).

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's cause of action be dismissed without prejudice to refiling for failure to pay the initial partial filing fee or to show cause for his failure to do so. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  March 25th , 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and

legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   5th   day of  March, 2009.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE